# Wims *v.* The State.

*Indictment for Assault with Intent to Murder.*

1. *Abusive words, or threats, by defendant against person assaulted.* Declarations made by the defendant, prior to the commission of the offense with which he is charged, expressing a menace or ill-will against the person assaulted or injured, are admissible as evidence against him on the trial.

FROM the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

Indictment against Bartow Wims, charging an assault on Sterling Newsom with intent to murder him. Plea, not guilty. Verdict of guilty, and sentence to penitentiary for the term of ten years. The prosecution proved on the trial, that on a night of December, 1889, while said Newsom was sitting in his house, some person discharged at him, through a window, a shot-gun loaded with slugs; and adduced evidence of the defendant's subsequent confessions that he was the assailant. The opinion states the only ruling to which an exception was reserved.

GORDON MACDONALD, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The indictment is for an assault with intent to murder. Against the defendant's objection, the court permitted a witness to testify, "that some time between September, 1889, and the time of the shooting (which occurred on the night of the 20th of December, 1889), the defendant, in a conversation had between him and witness, stated that said Sterling Newsom had arrested him for selling beer in Oxanna, and that any man who would do that was a d—— son of a b——." It has been long held to be the law in this State, that declarations made by a party previous to the occurrence of the offense are admissible in evidence against him, when put upon t ·al for the offense, if such declarations express a menace, t l-

[Reese v. The State.]

will, towards the party injured.—*Long v. State*, 86 Ala. 43; *Hudson v. State*, 62 Ala. 6; *McManus v. State*, 36 Ala. 285; *Barnes v. State*, 88 Ala. 204.

This is the only exception to be found in the bill of exceptions. We have examined the record, and find no error.

Affirmed.