# Drake v. The State.

*Indictment for Assault with Intent to Murder.*

1. *Evidence as to former difficulty and threats.*—Declarations made by
defendant prior to the commission of the offense with which he is
charged, expressing a menace or ill-will against the person assaulted
or injured, are admissible as evidence against him on the trial; and
on a prosecution for an assault with intent to murder, evidence that
in a difficulty between the person assaulted and the defendant, ear-
lier in the day of the assault, the defendant said to such person, "I
will see you later," is admissible as *prima facie* importing a threat.

2. *Same; admissibility of whole conversation.*—Where some part of
a conversation, or some statement made by a defendant, has been ad-
duced in evidence, as *prima facie* importing a threat, the defendant is
entitled to have the whole of the conversation, or all that was said in
connection with such statements, introduced in evidence before the
jury ; and it is error for the court to refuse to allow the witness who
had testified to such statements to answer the question propounded
by the defendant, "What else was said in that connection?"

APPEAL from the Circuit Court of Lee.
Tried before the Hon. J. M. CARMICHAEL.
The appellant was indicted and tried for an assault

with intent to murder one Robert Bennett, and was convicted of an assault and battery.

Upon the trial of the cause, the evidence for the State tended to show that late in the afternoon of a day just before the finding of the indictment, the defendant assaulted Bob Bennett and cut him with a butcher knife. Against the objection and exception of the defendant. the State was allowed to introduce evidence to the effect that on the morning of the day of said difficulty, Bennett and the defendant quarrelled, and that the defendant said to Bennett, as they left each other : "I will see you later." The defendant moved to exclude this remark, and duly excepted to the court's overruling his motion. The defendant then asked the witness testifying to this statement the following question : "What else was said in that connection?" The State objected to this question, the court sustained the objection, and the defendant duly excepted.

There were several charges asked by the defendant, but it is unnecessary to set them out in detail, as there were no exceptions reserved to the court's refusal to give said charges, and its rulings thereon are not assigned as error.

SAMFORD & SON, for appellant.

WM. C. FITTS, Attorney-General, for the State.—The particulars of the morning controversy were properly excluded from the jury. The bare fact of the controversy and the threat used being permissible as evidence.—*Lawrence v. State*, 84 Ala. 424; *Wims v. State*, 90 Ala. 623.

McCLELLAN, J.—The circuit court did not err in allowing the State to prove that in a difficulty or altercation which took place between the prosecutor and the defendant earlier in the day of the assault with intent to murder the prosecutor, for which defendant was being tried, the latter said : "I will see you later." These words uttered under these circumstances *prima facie* import a threat, and are clearly admissible as such.—*Lewis v. State*, 84 Ala. 424; *Wims v. State*, 90 Ala. 623.

But, on the other hand, we are equally clear to the conclusion that the trial court did err in declining to allow the witness who had deposed to this *prima facie*

[Peagler *et al.* v. The State.]

threat to answer the further question propounded by the defendant: "What else was said in that connection?" Ordinarily, a party against whom some part of a conversation or some statement has been adduced is entitled to have the whole of the conversation or all that was said in connection with that statement put before the jury; and we see no reason for not applying this rule in the present instance. What else was said here, if anything, might well have emasculated the words proved of their *prima facie* character as importing a threat. If it did not, or if nothing else was in fact said, the prosecution would not have been injured by allowing the question to be answered.

No exceptions were reserved by the defendant to the rulings of the court on charges requested by him, and these rulings are not assigned as error. They cannot, therefore, be considered. If considered, it would be found that each of these charges is palpably faulty and properly refused.

For the error pointed out the above judgment must be reversed. The cause is remanded.

Reversed and remanded.