# Untreinor *v.* The State.

## *Murder.*

(Decided May 17th, 1906. 41 So. Rep. 285.)

1. *Indictment; Motion to Quash; Grand Jury; Organization.*—The fact that the jury commission drew more names on the grand jury venire than required by law, did not invalidate the indictment, although the last three names drawn on the venire appeared in the organization of the grand jury, when it further appeared that on account of non-attendance and excuses no greater number was organized as the grand jury than is allowed by law.—Secs. 4997-5269.

2. *Jury; Selection.*—It was not improper, in selecting a jury to try a capital case, for the judge to call six men as their names were drawn from the hat, before qualifying any of them, and, after swearing each of them, asked each the qualifying questions and permit them all to answer at one and the same time.

3. *Criminal Law; Trial; List of Talesmen; Delivery to Defendant.* —When the venire drawn to try a capital case is exhausted before the completion of the jury, the defendant is not entitled to the list of talesmen summoned to complete the jury as provided by Sec. 5009, Code 1896.

4. *Jury; Names; Variance; Effect.*—A variance in the middle initial of the names of certain jurors constitutes no grounds for challenge or for discarding them.

5. *Same.*—The fact that there was a difference in the name of a juror drawn from the hat and one upon the venire served upon the the defendant constituted no grounds for discarding such juror. The addition of the word "Jr." does not constitute a variance.

6. *Same; Qualifications; Capital Punishment; Prejudice.*—A juror on his voir dire, stated that he was opposed to capital punishment, and the court sustained a challenge for cause; Held, not error, though juror stated he would hang some men.—Sec. 5018, Code 1896.

7. *Homicide; Evidence.*—Defendant returned to his place of business and found his brother absent. He heard his brother say that deceased had a gun on him, and immediately went to his brother's aid, and taking up his brother's cause, the fatal encounter occurred. At the time defendant returned his brother

[Untreinor v The State.]

and deceased were engaged in an altercation. Held, that the difficulty between deceased and defendant's brother and defendant were not separate and distinct difficulties, and that defendant was entitled to show what transpired at such difficulty, also his brother's age, and whether or not he was free from fault in bringing on the difficulty.

8. *Criminal Law; Trial; Curing Error.*—Where evidence was excluded, but afterwards it was admitted as testimony, such subsequent admission cured the former error.

9. *Witness; Cross Examination of Accused; Flight.*—It is proper to permit the solicitor, on cross examination, to ask the accused as to his movements after the killing, for the purpose of showing flight.

10. *Homicide; Evidence; Materiality.*—Evidence as to who handed the gun to defendant after the difficulty and after deceased had been killed was immaterial and irrelevant.

11. *Same; Self Defense.*—Where the court excluded evidence of the difficulty between deceased and defendant's brother, and confined the testimony to the difficulty between deceased and defendant there was no evidence of self defense and charges on self defense were abstract and properly refused.

12. *Same; Instructions.*—A requested instruction properly defined manslaughter in the first degree, and then contained the clause, "and manslaughter committed under any other circumstances is manslaughter in the second degree." Held, the last clause rendered the charge abstract, and its refusal was not error.

13. *Same; Appeal; Instructions; Harmless Error.*—Where a defendant is convicted of murder in the second degree this is an acquittal of the higher degree, and the refusal of instructions relative to murder in the first degree, if error, is without injury.

14. *Same; Instructions; Malice.*—An instruction that if the killing was without malice the defendant could not be guilty of a higher grade of offense than manslaughter in the firse degree, and in the absence of malice the defendant could not be guilty of murder in either degree, was proper and its refusal error.

15. *Same; Instructions; Punishment.*—A requested instruction correctly stating the punishment of manslaughter in the first degree as to the term of imprisonment in the penitentiary, but adding, "Or by hard labor for the county for not more than two years nor less than a year and a day," was rendered bad by the quoted clause; as the jury is authorized to sentence to hard labor for a term of twelve months hard labor, for manslaughter in first degree.

16. *Criminal Law; Exceptions to Oral Charge; Form.*—An exception to the oral charge of the court "severally and separately to each distinct part of the court's general charge and especially to the charge on the weight of the evidence, and especially to the charge setting forth the punishment of manslaughter in the first degree" is a mere general exception to the charge of the court as a whole and not available, unless the whole charge is bad.

17. *Same; Instructions.*—Charges that if the jury do not believe the evidence they must not find for the State, or must find for the defendant are properly refused.

18. *Same; Instructions; Weight of Evidence.*—An instruction asserting that the jury had the right to believe or not to believe the evidence, and that the court cannot tell them what to believe, and what weight they must give to the evidence, is erroneous and its refusal not error.

19. *Same; Abstract Charges.*—Where there is no evidence justifying a verdict of manslaughter in the second degree charges as to that grade of homicide are abstract and properly refused.

APPEAL from Monroe Circuit Court.

Heard before HON. JOHN T. LACKLAND.

The defendant was indicted and tried for murder in the first degree. In selecting the jury to try the case from the special venire, the judge had the names of six persons drawn from the hat, and had the six come around and be sworn, and then asked each the qualifying questions, permitting all six to answer the same at one and the same time. To this the defendant excepted. Before the jury was completed the venire was exhausted. The jury as selected was composed of eleven men. One more was needed to complete it. The court ordered the sheriff to summon two qualified citizens, write their names on slips of paper, and place the same in a hat. The defendant demanded to know the two so selected before they were drawn from the hat. The court declined to inform him as to the names until they were drawn, and as to this action of the court the defendant excepted. The other facts sufficiently appear in the opinion.

At the conclusion of the testimony, the defendant requested the following charges in writing: (1) The court charges the jury that, if they do not believe the

[Untreinor v. The State.]

evidence, they should find for the defendant. (2) The court charges the jury that, if they do not believe the evidence, they cannot find for the state. * * * (4) The court charges the jury that in cases like this it is the province of the defendant to set up self-defense, and in doing so he may show that at the time he fired the fatal shot there was a necessity to take life, or that circumstances were such as to create in his mind a reasonable belief that it was necessary to save life or to prevent great bodily harm and there was no reasonable mode of escape. If the evidence tends to establish the foregoing ingredients, the burden then is on the state to show that the defendant was not free from fault in bringing on the difficulty. * * * (7) The court charges the jury that manslaughter in the first degree is the unlawful and intentional killing of a human being without malice, expressed or implied, and manslaughter committed under any other circumstances is manslaughter in the second degree. * * * (10) The court charges the jury that it is their sole right to believe or not to believe, and the court cannot tell them what to believe, or what weight they should give to any testimony. (11) The court charges the jury that, if the killing in this case was without malice the defendant would not be guilty of a higher grade of offense than manslaughter in the first degree. (12) The court charges the jury, if the killing was not malicious, then the defendant would not be guilty of murder in either degree. * * * (14) The court charges the jury that, if they find the defendant guilty of manslaughter in the first degree, the punishment fixed by law in the discretion of the jury, is imprisonment in the penitentiary for not less than one, nor more than 10 years, or by hard labor for the county for not more than two years nor less than a year and a day. * * * (16) The court charges the jury that, if they find the defendant guilty of manslaughter in the second degree, the punishment fixed by law in the discretion of the jury is imprisonment in the county jail for one year or sentence to hard labor for the county for not more than one year, and may also be fined not more than $500—any amount under $500."

The defendant was convicted of murder in the second degree and sentenced to ten years in the penitentiary.

J. N. Miller and Barnett & Bugg, for appellant.— The court erred in declining to quash the indictment. The venire shows that twenty-four names were drawn and the organization of the grand jury shows that the last three names in the venire were empanelled among the grand jurors. § 4989 provides that not more than twenty-one persons shall be drawn, and the language "not more than twenty-one" contained in said section is as binding on the court as any language of §§ 4997 or 5269.—*Hiller v. The State*, 33 Miss. 356; *Bov v. The State*, 34 Miss. 615. The court erred in forcing the defendant to trial in the absence of some of his witnesses without putting the state upon an admission of what these witnesses would testify.—*Rogers v. The State*, 144 Ala. 32; *Stoudenmire v. The State*, 144 Ala. 85. The court erred in calling six veniremen at a time, and testing them for their qualifications as jurors.—Code 1896, §§ 5016, 5017. The court erred in not furnishing the defendant the names of the talesmen drawn for his trial after the special venire was exhausted.—§ 5009. The court erred in putting upon the defendant as jurors certain men drawn but whose names on the venire were different from their real name.—§ 5007. (Counsel discussed at length the exceptions to the evidence, but cite no authorities.) The court erred in defining premeditation and deliberation together. Our court has defined them separately and given each a distinct and different meaning.—*Mitchell's Case*, 60 Ala. 26; 83 Ala. 1; 119 Ala. 1. The court erred in its statement "the question to be argued before you by counsel is guilty of what under the evidence? Not the question of guilt or innocence, but guilty of what?" And the assertion "the only thing remaining for the jury is to determine the character or grade of the offense and the extent of the punishment."—96 Ala. 56; 121 Ala. 24; 63 Ala. 432; 38 Ala. 619; 1 Brick. Dig. 336. It is insisted that the court erred in refusing charges 1, 2, 3, and 4.—*Greene v. The State*, 39 So. Rep. Charge 5 should have been given— 89 Ala. 82; 8 So. Rep. 134. It was error to refuse

[Untreinor v. The State.]

charges 6, 7 and 8.—117 Ala. 69; § 3228, code 1896. The court erred in refusing charges 9 and 10.—63 Ala. 432; 43 Ala. 33; 38 Ala. 619; 96 Ala. 56; 110 Ala. 52; 121 Ala. 24. The court erred in refusing charges 11 and 12. ———117 Ala. 69. Charge 13 should have been given.— *Gunter v. State,* 83 Ala. 96. Charge 15 should have been given.—52 Ala. 276. The court erred in refusing charges 15, 17 and 18. Motion in arrest of judgment should have been granted, as the court was without authority to insert in the record matters therein inserted at the adjourned term upon oral evidence.—64 Ala. 234; 74 Ala. 234; 84 Ala. 36; 92 Ala. 91; 38 So. Rep. 268. The sine die adjournment of the court at the regular term annulled the order for the adjourned term.—38 So. Rep. 241. The court erred in its general charge to the jury to find the defendant guilty of some offense, in that he failed to predicate it upon the belief by the jury beyond a reasonable doubt of the guilt of the defendant.—110 Ala.,52; 121 Ala. 24.

MASSEY WILSON, Attorney General, for the State.— Motion to quash the indictment was properly overruled. —*Rogers v. The State,* 32. Motion for continuance was properly overruled.—*Gilmore v. The State,* 141 Ala. 61. The manner of ascertaining that the jurors were qualified was unobjectionable.—*Vaughan v. The State,* 141 Ala. 80. The defendant was not entitled to a list of the talesmen summoned.—§ 5009, code 1896. The variance in the middle initial of the jurors was no reason for discarding them.—*Kimbrell v. The State,* 130 Ala. 40. The word junior is descriptive of the person and forms no part of the name.—*Teague v. The State,* 144 Ala. 42. There was no error in excusing the juror Marshall.—§ 5018, code 1896. The details of the former difficulty were inadmissible.—*Gordon v. The State,* 140 Ala. 29. If the evidence of the witness Eddins was erroneously ruled out in the first instance, its subsequent admission cured the error.—*Walker v. The State,* 91 Ala. 76. The solicitor had a right to question the defendant as to his movements after the commission of the crime.—*Elmore v. The State,* 98 Ala. 12. The de-

fendant's exceptions to the oral charge of the court was a mere general exception, and cannot avail unless all of it was bad.—*Bonner v. The State*, 107 Ala. 97, 106; *Kirby v. State*, 89 Ala. 63, 5 h. n. 71; *Postal Co. v. Hulsey*, 132 Ala. 444, 461; *Alston v. State*, 109 Ala. 51. The court in his oral charge properly instructed the jury that the defendant was guilty of some offense charged in the indictment, and left to them to determine the grade.—*Scroggins v. The State*, 120 Ala. 369; *Scales v. The State*, 96 Ala. 69; *Wilkins v. The State*, 137 Ala. 17; *Hendrix v. The State*, 141 Ala. 51; *Anglin v. The State*, 137 Ala. 17; *Hendrix v. The State*, 122 Ala. 42; *Teague v. State*, 120 Ala. 309. Under the state of the evidence, the refusal of the special charges is justified on the proposition that on the whole evidence the court might well have instructed the jury on the hypothesis of its credibility that the defendant was guilty.—*Teague v. The State, supra; Gilmore v. The State, supra.* The defendant's motion in arrest of judgment was properly refused. The court had the authority to amend its records nunc pro tunc and in doing so, cured the error complained of: —*Ex parte Jones*, 61 Ala. 339; *Nabors v. Meredith*, 67 Ala. 333; *Ware v. Kent*, 123 Ala. 427; *Fidelity Co. v. Mobile*, 124 Ala. 144. No new matter was introduced in the record, but record evidence was supplied.—*Ex parte Jones, supra; Nabors v. Meredith, supra.*

DOWDELL, J.—The defendant was indicted at the spring term, 1904, of the circuit court of Monroe county for murder in the first degree. On this indictment he was tried at the spring term, 1906. He was tried and convicted of murder in the second degree and sentenced to imprisonment in the penitentiary for a term of ten years. Before entering upon the trial the defendant made a motion to quash the indictment, upon the ground that the jury which preferred the indictment had not been drawn according to law, in that the jury commissioners in drawing the grand jury drew 24 jurors, which was in excess of the number provided by law to be drawn. The grand jury as organized by the court from the list of names so drawn by the jury commissioners, while it

contained the names of the last three jurors drawn by the commissioners, yet by reason of nonattendance and excuses did not exceed the number required by the statute to constitute a grand jury. The court overruled the motion to quash, and in so doing committed no error.—*Rogers v. State*, 144 Ala. 32, 40 South. 572; §§ 4997, 5269 of the Cr. code, 1896.

In the selection of the jury from the special venire for the trial of the case, in the course adopted by the trial court no error was committed.—*Brown v. State,* 141 Ala. 80, 37 South. 408.

After the special venire had been exhausted, before the completion of the jury, the defendant was not entitled to a list of the talesmen summoned to complete the jury.—Cr. code 1896, § 5009.

There was a variance in the middle initial of the names of the jurors, Schneider, Smith, and Brantley; but this constituted no ground for discarding their names.—*Kimbrell v. State*, 130 Ala. 40, 30 South. 454. There was no error in refusing to discard the name of the juror Johnson, because of a variance in the name on the list served and that drawn from the hat. It was decided in *Teague v. State*, 144 Ala. 42, 40 South. 312, that the annexing of "Jr." to a name constituted no part of the name.

The juror Marshall, when examined on his voir dire, answered that he was opposed to capital punishment, but also stated that he would hang some men. The court permitted him to be challenged for cause by the state, to which action of the court the defendant excepted. Being opposed to capital punishment is a statutory ground of challenge for cause. On the statement of this juror, the court committed no error in its action.—Cr. code 1896, § 5018.

On the trial there were a number of exceptions reserved to the rulings of the court on the introduction of evidence. The rulings by the court were based on the theory of two separate and distinct difficulties, and that it was not, therefore, competent to give in evidence the details of a previous difficulty. On the theory of two

difficulties, the rulings of the court as to giving in evidence the details of the former difficulty would unquestionably be in accordance with the law.   This was the tendency of the state's witness, Mosely.   The evidence of the defendant showed that the difficulty, which resulted in the fatal shooting of the deceased by the defendant, was not a distinct and separate difficulty, but a continuation of the difficulty between the deceased and the defendant's younger brother.   The evidence showed that when the defendant returned to his place of business, and found his brother, Robert Untreinor, absent, and called for him, Robert was at this time engaged in an altercation or difficulty with the deceased, and the defendant, upon the response by his brother to the defendant's call for him, that the deceased had a gun on him, immediately went to where the deceased and his brother were, and taking up the cause of his brother, the fatal encounter resulted.   On this view of the evidence, it was competent to show all that transpired from the beginning of the difficulty between the deceased and Robert Untreinor, the defendant's younger brother, to its end.   In this connection it was competent to show the age of Robert Untreinor, and whether or not he was free from fault in bringing on the difficulty, since the question of freedom from fault on the part of Robert might become a very material question as bearing upon the action and conduct of the defendant.

The court refused to permit the witness Eddins to testify that the deceased had purchased a gun and shells from him, etc., but later in the trial this witness was recalled and testified at length, answering at length all the questions originally propounded to him.   If the evidence was erroneously excluded when first offered, its subsequent admission cured the error.—*Walker v. State,* 91 Ala. 76, 9 South. 87.

There was no error in allowing the solicitor to question the defendant, when examined as a witness in his own behalf, as to his movements after the alleged crime was committed, for the purpose of showing flight.—*Elmore v. State,* 98 Ala. 12, 13 South. 427.

[Untreinor v. The State.]

As to who gave the gun to witness Eddins, after the difficulty was over, and the deceased had been killed, was irrelevant and immaterial matter.

The bill of exceptions recites that, "when the court concluded its general charge to the jury as set forth above, the defendant's attorney, before the jury retired, severally and separately excepted to each distinct part of the court's general oral charge, and especially to the charge to the jury upon the weight of the evidence, and especially to the charge setting forth the punishment of manslaughter in the first degree." This mode of excepting to the oral charge of the court was, in reality, nothing more than a general exception to the charge as a whole, with possibly the exception of the part particularly pointed out as setting forth the punishment of manslaughter in the first degree. When an exception is taken to the charge of the court as a whole, such exception is unavailing, unless the charge is as a whole bad.

A charge similar to written charges 1, 2, and 9, requested by the defendant, was condemned in *Koch v. State,* 115 Ala. 99, 22 South. 471. See, also, *Crane v. State,* 111 Ala. 45, 50, 20 South. 590.

In the present state of the record, under the rulings of the court in the exclusion of evidence, the case as presented to the jury did not involve the question of self-defense. Written charges, therefore, requested by the defendant based on the theory of self-defense, were properly refused.

Charge 7, requested by the defendant, was a correct definition of manslaughter in the first degree; but the last clause in the charge, which embraces the definition of manslaughter in the second degree, rendered the charge bad, and it was, therefore, properly refused.

Charge 8, requested by the defendant, contained the statutory definition of murder in the first degree, and should have been given. But, since the defendant was acquitted of murder in the first degree, no injury resulted from the refusal.

Charge 10 was bad, and the court properly refused the same.

[Untreinor v. The State.]

Charge 11 and 12 correctly stated the law, and should have been given as requested.

Charge 14 was faulty. Hard labor for the county may, in the discretion of the jury, be for 12 months for manslaughter in the first degree, which is less than "a year and a day."

Charge 16, requested by the defendant, was abstract. There was nothing in the case to authorize a charge upon manslaughter in the second degree.

We need not consider the question as to the regularity in the calling and holding of the adjourned term of the court at which defendant was tried, since this question is one which is not likely again to arise.

For the error pointed out, the judgment of the circuit court will be reversed, and the cause remanded.

Reversed and remanded.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., concur.