## VALENTINE v. STATE. (8 Div. 974.)

(Court of Appeals of Alabama. Aug. 27, 1923. Rehearing Denied Dec. 18, 1923.)

1. Criminal law ⬤═390—Testimony as to secret and uncommunicated motive, belief, intention, or mental status not permissible.

A witness cannot testify to a secret and uncommunicated motive, belief, intention, or mental status, such as his fear that a certain person would shoot him.

2. Witnesses ⬤═388(10)—Requisites of predicate for impeachment by contradictory statements stated.

A predicate for impeachment of a witness by contradictory statements must show the time, place, and person to whom or in whose presence the statements were made.

3. Criminal law ⬤═448(2)—Question held improper as calling for opinion.

A question, "Is it not a fact that Will nearly tore your clothing off trying to get away?" held improper as calling for an opinion.

4. Witnesses ⬤═282½—Refusal to permit repetition of question and answer held not error.

Where a witness in criminal case testified, on cross-examination, that she did not remember whether she made a certain statement on the preliminary trial, the court properly refused to permit a repetition of the question and answer.

5. Homicide ⬤═171(1)—Evidence that deceased's wife and mother-in-law were undressed at time of difficulty held irrelevant.

In a manslaughter prosecution, evidence that deceased's wife and her mother, at whose home the difficulty occurred, were undressed at the time, held inadmissible as irrelevant.

6. Criminal law ⬤═1043(2)—Admission of testimony of decedent's wife as to what he was doing just before shooting held not presented for review by general objection.

In a manslaughter prosecution, admission of deceased's wife's testimony that she and he were going to the water bucket just before the shot was fired held not presented for review by a general objection, as patently and palpably illegal or irrelevant, being so intimately connected with the time and place of the difficulty as to constitute part of the res gestæ.

7. Homicide ⬤═158(1)—Testimony as to defendant's threat to kill deceased held admissible.

In a manslaughter prosecution, testimony of defendant's wife as to a conversation, just prior to the difficulty, in which he threatened to kill deceased, held admissible.

8. Homicide ⬤═193—Testimony that deceased had no weapon in his hand at time of difficulty held admissible.

In a manslaughter prosecution, testimony of deceased's wife, who was present and saw deceased's hands, that she knew he had no weapon in his hand at the time he was killed, held admissible.

9. Criminal law ⬤═1055—Court's remarks to defendant's counsel held not reviewable.

The court's remark to defendant's counsel, during cross-examination of defendant's wife, who testified for the state, that he was going to see that she was treated fairly, held not reviewable, where defendant reserved no exception to similar remarks to the jury in the course of an instruction not to consider the remarks objected to.

10. Criminal law ⬤═1170(4)—Exclusion of testimony as to fact later testified to not error.

Defendant cannot complain of exclusion of testimony as to a fact, which the witness subsequently testified to.

11. Witnesses ⬤═389—Cross-examination as to prior statement by witness and proof thereof on denial held competent for impeachment.

In a manslaughter prosecution, cross-examination of a state's witness as to whether she made a certain statement as to the acts of defendant and deceased on the night of the killing, and proof thereof by another witness, on her denial, held competent for impeachment purposes.

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**12. Witnesses ☞390—Exclusion of impeaching evidence as to statement by state's witness held not error.**

Exclusion of evidence as to a prior statement by a state's witness, who denied it, *held* not error, in view of the impeaching witness' testimony that he could not say that such state's witness was the person who made it.

**13. Criminal law ☞753(2)—Affirmative charge for defendant held properly refused.**

Where the evidence was conflicting, the affirmative charge for defendant was properly refused.

**14. Homicide ☞255(1) — Conviction of first degree manslaughter held justified.**

Evidence *held* sufficient to justify a conviction of first degree manslaughter.

**15. Criminal law ☞829(1)—Charges given need not be repeated.**

Courts need not repeat charges already given.

**16. Homicide ☞300(7, 13)—Requested charge on self-defense held erroneous, as not predicated on evidence and omitting freedom from fault.**

In a manslaughter prosecution, a charge to acquit if the circumstances were such as to induce a reasonable man to believe it necessary to shoot *held* properly refused as not predicated on the evidence and omitting freedom from fault in bringing on the difficulty.

**17. Homicide ☞300(13)—Requested charges on self-defense held erroneous as omitting freedom from fault.**

In a manslaughter prosecution, charges that defendant had a right to act on the reasonable appearance of things and could not be convicted if he was impressed with the necessity of shooting to save his own life, in the belief that he had no reasonable mode of escape, and used only such force as was reasonably necessary, *held* properly refused as omitting freedom from fault in bringing on the difficulty.

**18. Criminal law ☞822(1)—Written and oral charges considered as whole.**

Written charges and the oral charge are to be considered as a whole.

**19. Criminal law ☞811(1)—Requested charge held erroneous as giving undue importance to written charges.**

A charge that defendant's special written charges given comprised the law applicable to the facts and might be considered in connection with and to explain the oral charge, *held* properly refused as giving undue importance to the written charges.

**20. Homicide ☞309(6)—Charge on punishment of second degree manslaughter held properly refused as abstract.**

A charge as to the punishment for second degree manslaughter *held* properly refused as abstract, in the absence of evidence reducing the homicide to second degree manslaughter.

**21. Homicide ☞300(4, 6)—Charge held properly refused as argumentative and giving undue prominence to certain evidence.**

In a manslaughter prosecution, a charge that the fact that the parties were engaged in the whisky traffic could not be considered, in determining who was at fault in bringing on the difficulty, *held* properly refused as argumentative and giving undue prominence to certain evidence.

On Rehearing.

**22. Homicide ☞118(1)—Invited guest has same right of self-defense as owner while in any part of house.**

An invited guest has the same right of self-defense, while in any part of the house, as the owner thereof, against all persons except the lawful occupant, and, if free from fault, need not retreat, but may protect himself against the unlawful assault of an outsider.

**23. Criminal law ☞1056(1)—Oral charge not reviewable in absence of exception.**

An oral charge, to which no exception was reserved, presents no question for review.

**24. Homicide ☞118(3)—Charge as to right to stand ground on defendant's "premises" held properly refused.**

Requested charges as to defendant's right of self-defense and freedom from obligation to retreat while on his own "premises" *held* properly refused as extending the doctrine to include all the land he owned, however distant; "premises" not being confined to lands adjacent to the dwelling.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Premises.]

Appeal from Circuit Court, Lauderdale County; Chas. P. Almon, Judge.

Otis Valentine was convicted of manslaughter in the first degree, and he appeals. Affirmed.

These charges were refused to defendant:

"13. I charge you, gentlemen of the jury, that it is not necessary under the evidence that the defendant should have been actually in danger of death or great bodily harm at the time he shot, or that retreating would have really increased his peril in order for him to be justified in killing the deceased. He had a right to act on the reasonable appearance of things, and if he was impressed with the necessity to shoot to save his own life, in the belief that he had not a reasonable mode of escape, then you cannot convict him."

"21. The court charges the jury that the necessity for shooting deceased, which would exculpate the defendant from guilt, need not be actual, and, if the circumstances are such as to induce a reasonable man under like circumstances to believe that such necessity existed, you should acquit the defendant."

"24. The court charge you, gentlemen of the jury, that the law does not require the defendant to wait until the deceased has actually assaulted him, but the defendant had a right to act upon the reasonable appearance of things, and,

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

if you are reasonably satisfied from the evidence that the defendant only used such force as was necessary to repel the force of the deceased, acting as a reasonable man would act, then you should find the defendant not guilty."

"30. I charge you, gentlemen of the jury, that if you are reasonably satisfied from the evidence that the defendant was free from all fault in bringing on the difficulty, and that he was on his own premises at the time of the difficulty, and that, surrounded as he was, he was reasonably impressed that he was in danger of death or great bodily harm, and acting upon this belief he shot to protect his own life or to protect himself from suffering grievous harm, then he had a right to shoot in his own defense, and you must acquit him.

"31. I charge you gentlemen of the jury, that, if you are reasonably satisfied from the evidence that the defendant was on his own premises, then the law does not require him to retreat, but he can stand his ground and repel force with force, and if, from the circumstances surrounding him, he was reasonably impressed that his life was in danger or that he was in danger of grievous bodily harm, and fired the shot under such belief, you cannot convict the defendant."

"34. Gentlemen of the jury, the special written charges of the defendant which I have given and do give you comprise the law as applicable to the facts in the case as the court understands it, and which you may consider in connection with and to explain the oral charge of the court."

"36. I charge you, gentlemen of the jury, that the defendant did not have to retreat from Will McGill at the time of the fatal shooting; he was on his own premises, or on the premises under charge or control of himself or his father."

"2A. I charge you, gentlemen of the jury, that the punishment for manslaughter in the second degree is imprisonment in the county jail or a sentence to hard labor for the county for not more than one year and there may also be imposed a fine of not more than $500, all at the discretion of the jury."

"E. I charge you, gentlemen of the jury, that the fact of each of the parties illegally engaging in whisky traffic, if it is a fact, cannot be looked at by you as to who was at fault in bringing on the difficulty at the time of the fatal shooting."

Simpson & Simpson, of Florence, for appellant.

A witness should be permitted to testify as to whose voice he heard. Mimbs v. State, 2 Ga. App. 387, 58 S. E. 499; People v. Fryer, 266 Ill. 216, 107 N. E. 134. The remarks of the trial judge constituted reversible error. State v. Allen, 100 Iowa, 7, 69 N. W. 274; Wheeler v. Wallace, 53 Mich. 355, 19 N. W. 34; Adler v. U. S., 182 Fed. 464, 104 C. C. A. 608; Rigell v. State, 8 Ala. App. 46, 62 South. 977; Collins v. State, 99 Miss. 47, 54 South. 665, Ann. Cas. 1913C, 1256; Greene v. State, 97 Miss. 834, 53 South. 415. A man in his own house is in his own castle and need not retreat. Thomas v. State, 13 Ala. App. 50, 69 South. 315.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Charges not predicated on the evidence are properly refused. Edwards v. State, 205 Ala. 160, 87 South. 179. The evidence shows defendant was not on his own premises at the time, and charges that one on his own premises need not retreat were properly refused. Walker v. State, 205 Ala. 197, 87 South. 833.

FOSTER, J. The appellant was indicted for murder in the first degree, and convicted of manslaughter in the first degree.

The evidence for the state was directed to showing that deceased's wife was a daughter of defendant's stepmother, and was with her children at her mother's home at the time of the fatal difficulty. Defendant and deceased rode in a car to the home of Mrs. Valentine, defendant's stepmother, where he was a guest, and when the car was stopped a dispute arose between them about some whisky. An altercation occurred in which deceased struck defendant with his fist, and defendant secured a stick and threatened to break deceased's head with it. There was evidence that deceased's brother, Charlie McGill, was holding deceased during this difficulty, and that Charlie McGill went with the deceased (his brother) to deceased's home, a short distance away. Deceased returned to Mrs. Valentine's and called for his wife and children. There was evidence that defendant had made threats against the deceased, immediately following the first difficulty, and that when deceased returned to the home of Mrs. Valentine, and entered the house, defendant shot him with a shotgun, and death ensued immediately.

Defendant claimed that deceased came back to the house, threatened to kill him, entered the house with a pistol in his hand, and that defendant fired the fatal shot in self-defense.

[1] The court properly sustained objection to the question propounded to Charlie McGill, on cross-examination by defendant's counsel, "You were afraid he (deceased) would shoot you, and you let him go?" A witness may not be allowed to testify to his mental status, alleging he was afraid one would shoot him. Witnesses are not permitted to testify to their motive, belief, intention, or state of mind when secret and uncommunicated. Stewart v. State, 78 Ala. 436.

[2] Objection was properly sustained to the following question: "Is it not a fact that you said you were afraid he would shoot you and you let him go?" A predicate laid for the purpose of impeaching a witness by contradictory statements, must show the time, place, and to whom or in whose presence the alleged statements were made, so as to identify the statements as those included in the predicate; and to fully inform the witness of the particular statements in-

quired about. McDaniel v. State, 166 Ala. 7, 52 South. 400; Southern Railway Co. v. Williams, 113 Ala. 620, 21 South. 328; 4 Mayfield's Dig. p. 1198, par. 168.

[3] The court properly sustained objection to the following question to the witness, Charlie McGill: "Is it not a fact that Will nearly tore your clothing off of you trying to get away?" The question called for the opinion of the witness that deceased was trying to get away from him. It is a general rule that a witness must state facts and cannot give his opinion as to their existence. 4 Michie's Dig. p. 206, par. 285(1).

[4] On cross-examination Mrs. McGill testified that she did not remember whether or not she said on the preliminary trial anything about whether defendant said he was going to break deceased's neck with a stick. It was not error for the court to refuse to permit a repetition of the question and answer. Jones v. State, 181 Ala. 63, 61 South. 434; Louisville & Nashville R. R. Co. v. Dilburn, 178 Ala. 600, 59 South. 438; United Order of Golden Cross v. Hooser, 160 Ala. 334, 49 South. 354; Braham v. State, 143 Ala. 28, 38 South. 919.

[5] It was immaterial to any issue in the case to show that the witness Mrs. McGill and her mother were undressed about the time of the fatal difficulty. To be admissible the evidence must be relevant to the issue. 1 Wharton, Cr. Ev. p. 24, § 24; Hadnot et al. v. State, 3 Ala. App. 102, 57 South. 383; McCormack v. State, 102 Ala. 156, 15 South. 438.

[6] A general objection to the testimony of Mrs. McGill that she and McGill (deceased) were going to the water bucket just before the fatal shot was fired presents no question for review here, as the evidence was not patently and palpably illegal or irrelevant. Washington v. State, 106 Ala. 58, 17 South. 546; Gunter v. State, 111 Ala. 23, 20 South. 632, 56 Am. St. Rep. 17; Nickerson v. State, 6 Ala. App. 27, 60 South. 446; McClellan v. State, 117 Ala. 140, 23 South. 653; Brooks v. State, 146 Ala. 153, 41 South. 156. The evidence was so intimately connected with the time and place of the fatal difficulty as to constitute a part of the res gestæ, and was admissible. 4 Michie's Dig. p. 138, par. 214(2).

[7] It was permissible for Mrs. Valentine to relate a conversation with the defendant occurring just prior to the fatal difficulty in which conversation the defendant threatened to kill the deceased. It was permissible for the witness to relate what she said to the defendant and what he said in reply. Evidence of the threat was admissible. Wims v. State, 90 Ala. 623, 8 South. 566; Barnes v. State, 88 Ala. 204, 7 South. 38, 16 Am. St. Rep. 48; Drake v. State, 110 Ala. 9, 20 South. 450; Lawrence v. State, 84 Ala. 424, 5 South. 33. The evidence was admissible as part of the res gestæ. L. & N. R. R. Co. v. Stewart,

19 ALA.APP.—33

128 Ala. 313, 29 South. 562; So. Ry. Co. v. Crowder, 130 Ala. 256, 30 South. 592.

[8] It was competent for the state to show by Mrs. Valentine that she knew that the deceased did not have any weapon in his hand at the time he was killed. She was present and testified she saw the hands of the deceased, and that he had nothing in them. She could further testify that she knew he had no weapon in his hands.

[9] During the cross-examination of Mrs. Valentine by defendant's counsel, the trial judge said:

"Mr. Simpson, you have been over that several times, and I am going to see that this woman is treated fairly."

Defendant's counsel reserved exception to the remarks of the court, and the trial judge then said to the jury:

"That is not for your benefit, gentlemen of the jury, and you will not consider it on making up your verdict. It is for the benefit of the gentlemen who is cross-examining this woman. She is a woman, and as long as I preside over the court, I am going to see that a woman is treated fairly. The whole cross-examination has been for the purpose of crossing and tangling her up."

The remarks objected to were in effect withdrawn by the court in his instruction to the jury not to consider them. To the remarks of the court to the jury the defendant reserved no exception, and no question is presented for review here. Doby v. State, 15 Ala. App. 591, 74 South. 724; Woodson v. State, 170 Ala. 87, 54 South. 191.

[10] Objection was interposed by the state, and sustained, to certain questions propounded by the defendant's counsel to Harvey Clayton as to whether to the best of his knowledge it was Will McGill's voice that he heard making certain statements. Later in his testimony the witness testified that to the best of his knowledge it was Will McGill's voice. The defendant had full benefit of this testimony, and cannot complain that objection was sustained in the first instance.

[11, 12] It was competent for defendant's counsel to ask Mrs. Valentine, a witness for the state, for the purpose of impeaching her testimony if she did not make a certain statement as to the acts of defendant and deceased in the fatal difficulty in the presence of Tom Hall at her house the night of the killing, and, upon denial being made by the witness, it was competent to prove by Tom Hall that she made the statement. The evidence may furnish a reasonable inference that Mrs. Valentine was the lady who made the statement. But the court will not be put in error for refusing to admit the evidence in view of Tom Hall's testimony that—

"I have seen Mrs. Valentine here today; I could not say whether or not she is the same lady that made the statement," etc.

The defendant, on cross-examination, had full benefit of the evidence of Jim Tolen that to the best of his judgment the pistol offered in evidence was the same gun he saw defendant have; it was just like that (the pistol offered in evidence).

[13-17] Charge 8, the affirmative charge for defendant was properly refused. There was a conflict in the evidence and ample evidence to justify a conviction. Charge 13 was properly refused. It omits an essential element of self-defense—freedom from fault in bringing on the difficulty. Refused charge 15 was fully covered by given charge 14. Courts are not required to repeat charges already given. Taylor v. State, 121 Ala. 40, 25 South. 701; McAlpine v. State, 117 Ala. 93, 23 South. 130. Charge 21 is faulty. It is not predicated on the evidence. Edwards v. State, 205 Ala. 160, 87 South. 179. It also omits an essential element of self-defense—freedom from fault. The defendant was a guest in the home of his stepmother and was under no duty to retreat. Charge 24 was faulty. It omits freedom from fault in bringing on the difficulty. Charges 27, 30, and 36 were properly refused. Charge 29 was not predicated on the evidence and was properly refused. Edwards v. State, 205 Ala. 160, 87 South. 179. Charge 31 was properly refused. Charge 32 was fairly and fully covered by the oral charge. Charge 33 was not predicated on the evidence, and was properly refused. Edwards v. State, supra.

[18, 19] Charge 34 was faulty. The written charges given and the oral charge are to be considered as a whole. The charge gave undue importance to the written charges. Martin v. State, 104 Ala. 71, 16 South. 82; Home Protection, etc., v. Whidden, 103 Ala. 203, 15 South. 567.

[20] Charge 2A was properly refused as abstract. There was an absence of any evidence reducing the homicide to manslaughter in the second degree. Untreinor v. State, 146 Ala. 26, 41 South. 285; Stoball v. State, 116 Ala. 454, 23 South. 162. Refused charge D was covered by given charge A. It is not error to refuse a charge where the court has already given a charge substantially the same as the charge requested. Koch v. State, 115 Ala. 99, 22 South. 471; Miller v. State, 110 Ala. 69, 20 South. 392; Smith v. State, 92 Ala. 30, 9 South. 622.

[21] Charge E was faulty. Charges requesting that the jury cannot look to certain evidence are argumentative and give undue prominence to certain evidence and are properly refused. Stone v. State, 105 Ala. 60, 17 South. 114.

We find no error in the record and the judgment of the circuit court is affirmed.

Affirmed.

On Rehearing.

[22] The undisputed facts show that the defendant had been a guest for three weeks in the home of his stepmother and father. An invited guest is armed with the same right of self-defense while in the house, as if he were the owner, as to all persons except the lawful occupant, and, if free from fault, is under no duty to retreat, and has the right to protect himself against the unlawful assault of an outsider. This protection is thrown around the guest in any part of the house, and is not limited to the room actually occupied by him. Thomas v. State, 13 Ala. App. 50, 69 South. 315.

Charge 27, refused to defendant, reads as follows:

"I charge you, gentlemen, that a man on his own premises is not required to retreat."

The court, in its oral instructions to the jury, charged in part as follows:

"It is the law that when a man is in his own house or home that is his castle and he does not have to retreat any further than that."

[23] The court further charged that if the defendant was a guest at the home of his stepmother, Mrs. Valentine, it was his duty to retreat to his room. No exception was reserved to this portion of the oral charge; hence no question is presented for review.

[24] The term "premises," when used in reference to estates, signifies lands and tenements, and is not confined to lands adjacent to the dwelling. In Sandy v. State, 60 Ala. 18, it was held that "premises" includes an inclosed pasture situated more than a mile from the dwelling house. In Wright v. State, 136 Ala. 139, 34 South. 233, the court held that "premises" means any real estate.

"The law regards a man's house as his castle, or, as was anciently said, his 'tutissimum refugium,' and having retired thus far, he is not compelled to yield further to his assailing antagonist. * * * When he has reached this refuge, he may stand at bay, and 'may turn on and kill his assailant, if this be apparently necessary to save his own life; nor is he bound to escape from his house, in order to avoid his assailant.'" Jones v. State, 75 Ala. 8; Watts v. State, 177 Ala. 31, 59 South. 270.

"Premises" and "house" are not synonymous words. A man in his own house is of course on his own premises, but he may be on his own premises, many miles away from his house. It will be observed that the word "premises" used in refused charges 27, 29, 30, 31, and 36 may include a very large acreage of land, and is not limited to the house or the "castle" of the defendant.

Courts will not extend the wholesome ancient doctrine that a man's house is his castle where, being free from fault, he may stand his ground against his assailant, and from whence he need not retreat, to include all the lands he may own, and give him the same protection on those lands—many miles distant it may be—which the law throws around him in his house. The requested

charges did not correctly state the law, and their refusal was proper.

We reaffirm what was said in our original opinion on the other questions involved.

The application for rehearing is overruled.