## OVERSTREET ET AL. vs. THE STATE.

[INDICTMENT FOR ARSON.]

1. *Court, sentence of, in felony case; when void.*—The sentence of a circuit court, in a case of felony, rendered at a special term not held on the application of the person charged, nor on account of a failure to hold a regular term, is invalid.

2. *Motive to commit crime; when evidence of admissible.*—Evidence of a motive to commit the offense charged, though weak and inconclusive, is admissible where the commission of the crime is shown and the circumstances point to the accused as the guilty agent.

3. *Arson; what sufficient proof of.*—An indictment for arson in burning

a gin-house is sustained by proof that it was burned by the ignition of matches which the defendant put amidst the unginned cotton in the gin-house, with the intention of having the house burned by the ignition of the matches in the necessary or probable handling of the cotton.

APPEAL from Circuit Court of Wilcox.
Tried before Hon. P. O. HARPER.

THE appellants, Tom Petway, Hilliard Petway and Emanuel Overstreet, were jointly indicted for wilfully setting fire to and burning a gin-house, the property of J. H. Petway, of the value of more than five hundred dollars, &c. The defendants were tried at a special term of court held on the first Monday in February, 1871, went to trial on plea of not guilty, were convicted, and sentenced to the penitentiary.

The caption of the minutes of the special term is as follows: "Now on Monday, the 6th day of February, 1871, it being the day appointed and set apart to begin and hold a special term of the circuit court for Wilcox county, due publication thereof having been made by notice for thirty days of the time and place for holding the same, said notice having been given by the order of the Honorable P. O. Harper, judge of the 11th judicial circuit of the State of Alabama, which notice was regularly published in the *News and Pacificator*, a newspaper published in said county of Wilcox, and the Hon. P. O. Harper, judge of the 11th judicial circuit of Alabama, being present, the court was regularly opened," &c.

The notice referred to was as follows :

"*Special Term of Wilcox Circuit Court.*

GREENVILLE, ALABAMA, }
At Chambers, Dec. 28th, 1870. }

" It is ordered, that a special term of the circuit court for Wilcox county be held, commencing on the 1st Monday in February, 1871, and continuing two weeks, for the trial of unfinished criminal business. All witnesses must be

summoned to attend said term, and all process relating to the business of said term made returnable to it.

P. O. HARPER,

Judge of 11th Judicial Circuit."

It appears from the bill of exceptions reserved on the trial, that the State having proved the burning, the *venue*, and the ownership and value of the property, as laid in the indictment, introduced one Burgess, who testified that he was the owner of fifteen bales of cotton burned in the gin-house; that Hilliard, one of the defendants, was unfriendly to him; that Tom was mad with J. H. Petway, and said J. H. Petway would lose more than ten times fifteen dollars. The court overruled defendants' objection to the admission of this testimony, and they excepted.

The State was also allowed, against defendants' objection, to introduce evidence that Tom Petway, one of the defendants, while on the way to jail, during an interval of adjournment in the trial, remarked that "Jacob Purnell, a witness for the State, had better look out, as he would be killed about saying such a lie as he did about defendants confessing they had burned the gin."

There was testimony introduced going to show that the defendant Overstreet, just before light on the day of the fire, went into the upper part of the gin-house, and threw matches in the cotton to be ginned, while the other defendants watched for him, and helped him up in the gin-house. Soon after the ginning commenced next morning, fire broke out in the gin and lint cotton.

This was in substance all the evidence. The defendants asked the court in writing to give the following charges to the jury:

1. "That the throwing of matches on a pile of unginned cotton is not a setting fire to or burning of said gin."

2. "That before convicting in this case, the State must prove beyond a reasonable doubt that the matches thrown on the unginned cotton would have ignited by going through the gin and set the gin house on fire."

3. "That before they can convict, they must be satisfied beyond a reasonable doubt that the gin-house and its con-

tents, the cotton, belonged to Petway, the owner of the gin-house, and were worth five hundred dollars; and if the gin-house was Petway's, and not worth five hundred dollars, they could not convict."

The court refused to give the charges, and defendants excepted, and they now assign as error the various rulings of the court to which exceptions were reserved.

JOHN McCASKILL, for appellants.—1. The court erred in allowing the witness Burgess to give evidence of the unfriendly relations existing between himself and the defendant Hilliard Petway, and the declarations of Tom Petway as to the ill will he had for J. H. Petway, unless a threat had been made. The evidence was used as well against Emanuel Overstreet as the other defendants, and prejudiced the jury against all the defendants.

2. The court erred in allowing the witness Ingersoll to tell what Tom Petway said on his way to the jail, as it tended to impeach his (the defendant Tom's) character, and was used against all the defendants, and when there was no character in issue.

3. The court was held contrary to law. This record does not show that any of the reasons mentioned in section 752 of the Revised Code for holding special or extra terms of the circuit court existed, and as a matter of course all orders and sentences are void.

JOHN W. A. SANFORD, Attorney-General, *contra.*—Evidence in regard to the enmity felt by the accused towards the owners of the property destroyed, was properly admitted, because it showed a motive for the conduct of the accused, and tended to prove the question at issue.—*Balaam v. The State*, 17 Ala. 451; *State v. Zeller*, 2 Halst. 220; Rosc. Cr. Ev. 87-8; Burr. on Cr. Ev. 313-14.

The evidence of the angry denial by one of the accused of the truth of the testimony, may have been improperly admitted, but it was an error without injury, and therefore ought not to cause a reversal of the judgment.—*The State v. Brantly*, 27 Ala. 44; *Reese v. Harris*, 27 Ala. 306.

The law presumes that all persons intend the natural and probable consequences of their acts. Hence, a person will be convicted of murder who prepares and places poison with the intention to take the life of a human being, and a person is killed by it. So, the placing of matches in unginned cotton, with the intention to burn a gin-house, and the house is actually destroyed by fire originating from them, is guilty of arson.—1 Bish. Cr. Law, §§ 248, 513 ; Russ. & Ryan, p. 207.

The court did not err in refusing the second charge, because it was abstract. There was no evidence tending to prove the composition of the matches or the effect of friction upon them.—*Murray v. The State*, 18 Ala. 727-32.

Nor did the court err in refusing the third charge. The evidence proved that the gin-house was owned by Petway ; it is not necessary that the personal property contained and burned in it should have belonged to the same person. Rev. Code, § 3698. Therefore, the charge was properly refused.

B. F. SAFFOLD, J.—This cause, being an indictment for felony, having been tried at a special term of the court held not on the application of the accused, nor in consequence of the failure to hold a regular term, must be reversed.—Rev. Code, § 752 ; *Gully v. The State*, in MS.

The testimony of Burgess respecting the unfriendly feeling of one of the defendants towards himself, it being his cotton that was burned, and the threat of another defendant towards the owner of the gin-house burned, was properly admitted in evidence. When it is shown that a crime has been committed, and the circumstances point to the accused as the guilty agent, proof of a motive to commit the offense, though weak and inconclusive evidence, is nevertheless admissible. The jury should be guarded as to the importance they attach to it, and especially should they not suffer it to affect the case of a co-defendant to whom it does not apply.—*Balaam v. The State*, 17 Ala. 451.

The declaration of the defendant Tom Petway, on his

return to jail during a recess in the trial, concerning the witness Burrell, was irrelevant.

A general consideration of the charges asked for the defendants and refused, will be sufficient. The evidence tended to show a burning of the gin-house by the ignition of matches passing through the gin, which were thrown by the defendants into the cotton to be ginned. Every man is presumed to intend the natural, necessary, and even probable consequences of an act which he intentionally performs. There must also be some adaptation in the thing done to accomplish the thing intended.—1 Bish. Cr. Law, §§ 513, 516. If the defendants put the matches in the gin-house amidst the unginned cotton, with the intention and expectation of their being ignited by the necessary or probable handling of the cotton, or in such handling, and they were ignited, in consequence of which the gin-house was burned, they would be guilty of burning it. As the house was charged to be the property of Petway, it was necessary so to prove it, but it was immaterial to whom the cotton belonged.

The judgment is reversed, and the cause remanded.