# McDaniel *v.* The State.

*Murder.*

(Decided April 21, 1910.   52 South. 400.)

1. *Witnesses; Impeachment; Predicate.*—In order to lay a predicate for the impeaching of a witness by proof of contradictory statements made. the questions must be asked of the witness whether he made such statements at a given time and place, and to the person to whom the statements were alleged to have been made, and the same questions as to time, place and person, and statements alleged. to have been made, must be put to the impeaching witness so as to identify the statement with those included in the predicate.

2. *Same.*—It is not error to exclude evidence that a witness for the state has made statements which the witness admitted that she made.

APPEAL from Hale Circuit Court .

Heard before Hon. B. M. MILLER.

Joe McDaniel was convicted of murder in the first degree, and he appeals. Affirmed. See same case, 162 Ala. 25; 50 South. 323.

C. E. WALLER, and H. G. BENNERS, for appellant. Counsel discuss assignments of error, but without citation of authority.

ALEXANDER M. GARBER, Attorney General, for the State. Counsel discuss the evidence objected to, but without citation of authority.

SIMPSON, J.—The. appellant was convicted of the crime of murder in the first degree, and the only question raised by the record is as to the correctness of the ruling of the court in sustaining the objection to the question by the defendant to the witness R. B. Evins, "Did you hear Emma Williams make a statement about this, this morning?" The question to the witness was,

"Did you hear Emma Williams' testimony on the trial of Ed Howard?" to which he answered, "No, sir; I was not here." The objection to this question might have been sustained, on account of its indefiniteness. Taking the connection of the preceding question, the "statement about this" must refer to the testimony of Emma Williams on the previous trial, and the question evidently sought to elicit some statement made by Emma Williams in regard to her testimony at the previous trial. What she testified to at the previous trial could not be proved by relating what she said about it, as that would be mere hearsay. If the object was to impeach the witness, a predicate should have been laid, by asking Emma Williams whether she made such statements, giving time and place, person to whom the statements were made, persons present, etc.; and the question to this witness should be as definite, in describing the time, place, etc., so as to identify the statements as those included in the predicate.—4 Mayfiend's Dig. p. 1198, § 168; *Price v. State,* 117 Ala. 113, 23 South. 691.

The witness Emma Williams had stated, on cross-examination, that she did not know what she had sworn to when she was examined before in this case, and acknowledged that on the morning of the present trial she had stated that she had never heard any such talk, and that she had said what she did because she was scared, because they had a rope around another girl's neck and were going to hang her if she did not tell about the killing. No testimony, by any one else, as to her making such statements, could add anything to the witness' own acknowledgment that she had made the statements. This testimony as to her statements was not admissible for any purpose, except to impeach said Emma Williams, and we cannot see that the mere statement by another witness that she did say what she

[McDaniel v. The State.]

acknowledged saying could add any force to her statement.

In the case of *Griffin v. State*, 165 Ala. 29; 50 South. 692, referred to by appellant, the matter sought to be proved was a material fact in the case, to wit, whether the letter which was sent anonymously to the defendant was sent by the deceased. Witnesses had testified that the deceased had denied the authorship of the letter, yet the defendant offerd the letter in evidence. The state then offered, "as a witness, a female relative of the deceased, who was permitted to testify, over defendant's objection, that she had written the letter, and that the deceased had no agency in procuring the letter to be written, nor any knowledge that the witness had written it." This court said: "When the defendant, under his plea of self-defense, offered the letter in evidence, notwithstanding the denial of the deceased that he was responsible for it, he affirmed, by his offer, the responsibility in some sort of the deceased, notwithstanding his denial. On no other theory did it have any relevancy to the issue being tried. The letter, then, having been introduced by the defendant as a threat to show the mental attitude of the deceased towards him, at the time of the homicide, for so it must be taken, it was competent for the prosecution to show that the deceased had no connection with the writing or sending of the letter, as a fact tending to rebut the inference of hostile temper on his part, which the jury might draw from the letter, if not explained. Being entitled to show that the deceased was not responsible for the letter, the state was not limited, in proof, to the denial of the deceased, but might support that denial by other evidence to the same effect." In that case the jury might have disbelieved the mere denial of the deceased, and it was proper to corroborate him by positive proof that another had written the letter, without his knowledge.

There was no error in sustaining the objection to the question to the witness Evins. The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.