# CASES

IN THE

# COURT OF APPEALS OF ALABAMA

NOVEMBER TERM 1911-1912

## Crawford *v.* The State.

*Murder.*

(Decided Jan. 16, 1912. 57 South. 393.)

1. *Appeal and Error; Harmless Error; Evidence.*—Where the answer was favorable to the defendant, any error in overruling his objection to the question was harmless.

2. *Witnesses; Re-direct Examination; Details of Difficulty.*— Where the state was permitted to show on the cross examination of a witness for defendant that the defendant had been previously indicted for an offense of assault with intent to murder—an independent offense—this fact did not authorize the defendant on re-direct examination to show the details of that cause.

3. *Same; Examination of Accused; Cross Examination.*—Where the defendant testified as a witness for himself the state could cross examine him for the purpose of testing the accuracy of his statement, and to show his relation with his witnesses.

4. *Homicide; Defense; Intoxication.*—It is no defense to a charge of murder that the defendant was under the influence of whisky furnished him by the deceased.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Harwell Crawford was convicted of murder in the second degree, and he appeals. Affirmed.

Provo testified as a witness for the state that he saw the difficulty, and that both participants were drunk; that the defendant was so drunk that every time he would make a pass at deceased he would fall; and that the deceased was also drunk, but did not fall until he started to run. The solicitor then propounded the fol-

1 CA

[Crawford v. The State.]

lowing questions: "Who has been talking to you about this case?" "Has Mr. Gray been talking to you about it?" "You have changed your testimony since you came before the grand jury, haven't you?" "And haven't some white people down there been talking to you?" To all of which he answered, "No." On the cross-examination of the defendant, the solicitor asked him if he was at the house of the deceased that night, and at what time, and who was the white gentleman there with you negroes, if you were there shooting craps, if the negroes were playing skin, and how the defendant got to owe him 60 cents, and what did you do there all night? Objections were interposed and overruled to all these questions.

The following charges were requested by the defendant and refused: (1) "I charge you, gentlemen of the jury, that if, after considering all the evidence in this case, you believe from the evidence that the defendant, at the time he is said to have stabbed and killed James Jones, was so drunk that he was incapable of forming the purpose to do a voluntary act, and if you believe further from the evidence that he got drunk on the whisky which was sold or furnished him by the deceased, and that the defendant killed the deceased while or just after the deceased and defendant were drinking the whisky together, and while the defendant was drunk on the same, then the deceased was at fault in bringing on the difficulty." (2) "If you find from the evidence that James Jones furnished or sold to defendant whisky which caused him to get drunk and kill James Jones, then, under all the evidence in this case, you must acquit the defendant." (3) "If you find from the evidence that James Jones sold or furnished the defendant whisky that caused him to get drunk and kill James Jones, after considering all the evidence, then

the deceased was at fault in bringing on the difficulty."
(4) Affirmative charge as to murder in the first degree.

WILLIAM H. & J. R. THOMAS, for appellant. The
evidence creates a doubt in the mind of anyone of Craw-
ford's capacity to form or entertain the intent to take
life.—*Whitton v. The State*, 115 Ala. 72; *Winter v. The
State*, 123 Ala. 1; *Jarvis v. The State*, 138 Ala. 17;
*Lawes v. The State*, 144 Ala. 118. Charges 1, 2 and 3
should have been given.—Black˙ on Intoxicating Liq-
uors, section 292; *Aldrich v. Harvey*, 50 Utah, 162;
*King v. Haley*, 86 Ill. 106; 60 Tex. 168; 40 Pa. St. 95;
114 Mass. 303. Charge 7 should have been given.—
*Heninburg v. The State*, 151 Ala. 27. The court erred
in permitting proof of the indictment without allowing
the defendant to bring out all the facts concerning
same.—*Murphey v. The State*, 108 Ala. 10; 1 Greenl.
sec. 449. The court erred in permitting the state to
cross examine the defendant in the manner shown by
the record.—*Downey v. The State*, 115 Ala. 108; *Wat-
son v. The State*, 155 Ala. 9; *Smith v. The State*, 159
Ala. 68.

ROBERT C. BRICKELL, Attorney General, and W. L.
MARTIN, Assistant Attorney General, for the State. A
party may ask his witness if he has not previously made
statements inconsistent with his present testimony.—
*Campbell v. The State*, 23 Ala. 44; *White v. The State*,
87 Ala. 24; *Pelham v. Chattahoochie G. Co.*, 156 Ala.
500. The state was properly permitted to cross exam-
ine the defendant in the manner shown by the record.
—*Wall v. The State*, 56 South. 57; *Drake v. The State*,
103 Ala. 33; *Gibson v. The State*, 91 Ala. 64. Counsel
discuss other assignments of error relative to evidence,
but without citation of authority. They insist that the

charges refused were not numbered, and did not, therefore, follow the statutory requirement.—*Martin v. The State,* 1 Ala. App. 215; *So. Ry. v. Cofer,* 149 Ala. 565. Counsel discuss the charges refused and conclude that no error was committed, but cite no authority in support thereof.

WALKER, P. J.—The defendant could not have been prejudiced by the action of the court in overruling his objection to the question asked the witness Provo by the solicitor, as the answer to the question was favorable to the defendant.

On the cross-examination of the defendant's witness Gray, the solicitor, without objection on the part of the defendant, elicited the fact that the defendant had formerly been indicted for assault with intent to murder. This did not entitle the defendant to go into the details of the subject of that former charge. The question asked by his counsel as to what were the facts in that case was an inquiry in reference to a matter foreign to the issues in the pending case; and the objection to it was properly sustained.

The defendant having testified as a witness in his own behalf, it was permissible for the solicitor, on the cross-examination, to ask him questions calculated to test the accuracy of his statements, and to disclose his relations with others who had been examined as witnesses for him. We discover no prejudicial error in any of the rulings made on objections to questions asked in the course of that cross-examination.

We know of no warrant of law for asserting any such proposition as that the question of the criminal responsibility of the defendant in a homicide case is affected by the mere fact that at the time of the killing he was under the influence of whisky that had been sold or fur-

nished to him by the deceased, or that that fact would entitle him to an acquittal. Plainly the defendant was not entitled to the written charges involving such propositions, whether or not those charges were otherwise objectionable.

Under the evidence, the question of the defendant's guilt of homicide was one for the jury. There was no error in the refusal of the affirmative charge requested in his behalf.

Affirmed.