(78 South. 460)
TERRY v. STATE. (8 Div. 561.)
(Court of Appeals of Alabama. April 2, 1918.)

WITNESSES ☞391 — IMPEACHMENT—CONTRADICTORY STATEMENTS — QUESTION TO IMPEACHING WITNESS.

The same question as to time, place, and person, and statement alleged to have been made, must be put to the impeaching witness, as to the witness sought to be impeached by contradictory statement.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

James Terry was tried and convicted of manslaughter, and from the judgment appeals. Reversed and remanded.

See, also, 15 Ala. App. 665, 74 South. 756.

Milo Moody, of Scottsboro, for appellant. F. Loyd Tate, Atty. Gen., for the State.

SAMFORD, J. The only exceptions insisted upon are to the rulings of the court on the evidence. In answer to a question propounded by the solicitor, the witness McClannahan, who was testifying in behalf of the defendant, the witness said:

"I remember after the shooting that George Jenkins and Jim Matthews passed my house, and talking something about the case. In the conversation, I did not tell Jim Matthews in the presence of George Jenkins that Terry shot him down without any cause, or that Will Matthews was not doing a thing when Terry shot him. I did not tell him Matthews was not doing nothing and Jim had no business to shoot him and that he was not doing anything. I did not say it is an awful bad killing, and would not have thought Terry would have been guilty of it, but did say it was awful bad. I did not say that I did not think Terry would be guilty of such a thing, and did not say I thought they were just joking each other, and did not say I did not know they were mad until after the pistol fired."

Although the predicate question is not set out in the bill of exceptions, the answers show that it was properly laid. McDaniel v. State, 166 Ala. 7, 52 South. 400. But in asking the question of the witness Matthews, for the purpose of contradicting the statement made by McClannahan, the solicitor did not comply with the well-established rule that the same question as to time, place, and person and statement alleged to have been made must be put to the impeaching witness so as to identify the statement with those included in the predicate. McDaniel v. State, 166 Ala. 7, 52 South. 400. It requires a strict adherence to this rule to prevent the testimony of the impeaching witness from being hearsay. For this error the judgment must be reversed. The other rulings of the court were either without error, or were without injury to the defendant.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.