(114 So. 475)

**CARLISLE v. STATE. (2 Div. 391.)**

Court of Appeals of Alabama. Nov. 22, 1927.

F. E. Poole, of Grove Hill, for appellant.

Charlie C. McCall, Atty. Gen., for the State.
Brief did not reach the Reporter.

BRICKEN, P. J. The record proper is in all things regular. It discloses that this appellant was indicted for the offense of murder in the first degree, and that his trial thereunder resulted in his conviction of murder in the second degree, his punishment being fixed at imprisonment in the penitentiary for a term of 20 years.

Upon arraignment, the defendant pleaded "not guilty," and afterwards interposed a plea of misnomer in which it was averred that his true name is Collin Carlisle, and not Collins or Colin Carlisle as alleged in the indictment. Upon motion of the state this plea was stricken and defendant reserved an exception. We need not discuss the merits of the plea on its face, for under the law the plea of not guilty, when arraigned upon the indictment, operated as an admission that the name by which the defendant was indicted was his true name, and a waiver of the misnomer, if, in fact, the indictment was subject to that objection. In other words, a plea of misnomer must be taken advantage of before pleading to the merits of the indictment. Moreover, it was within the discretion of the court not to allow the plea of misnomer after the defendant had interposed his plea of not guilty. Here we see no abuse of this discretion.

On the trial the defendant admitted that he killed the deceased by shooting him with a gun. He claimed that the shooting was in self-defense. As the evidence was in conflict, a jury question was presented. Numerous objections were interposed, and in some instances exceptions were reserved, to the rulings of the court upon the admission of the evidence. We shall not indulge a detailed discussion of these many rulings, which, however, have all been carefully examined. We are of the opinion that the court confined the evidence to the issue, and we discover no ruling in this connection calculated to injuriously affect the substantial rights of the defendant. Whether the accused ever served in the United States army, or what happened at a negro church and elsewhere several hours before the shooting complained of and before there was any trouble between the deceased and the defendant, was inadmissible and irrelevant. The court properly so held.

The court was clearly within its province in the matter of controversy between the court and counsel for defendant, as disclosed upon page 21 of the record. Appellant's insistence in this connection cannot be sustained. It was evident, as stated by the court, that the court was endeavoring to confine the inquiry to the relevant facts and circumstances attending the issues involved upon this trial. This the court had not only the right to do, but it was the duty of the court to take this course and avoid the unusual scope of inquiry attempted by counsel on the trial of this case.

The oral charge of the court was able, fair, and explicit. At its conclusion we note that the record contains the following statement:

"Now, I am requested by the defendant to give you some written charges, which I do, and which correctly state the law, but which are to be taken and considered by you in connection

with what I have already said to you, and what I have already charged you is the law." (Court reads the written charges.)

There are no "given" written charges in the record. For that reason we are not authorized to pass upon the special written charges, refused to defendant, as these charges may have been substantially and fairly covered by the written charges given at appellant's request.

The bill of exceptions does not purport to contain all the evidence in the case. There is no statement to that effect, nor is there any statement therein that the foregoing is substantially all the evidence adduced upon the trial. This, of itself, necessitates the sustaining of the lower court in the refusal of such charges as were of an affirmative nature. Finding no reversible error, the judgment of the circuit court, from which this appeal was taken, will stand affirmed.

Affirmed.