(115 So. 695)

**VINTSON v. STATE.   (6 Div. 236.)**

Court of Appeals of Alabama.   Jan. 10, 1928.
Rehearing Denied March 6, 1928.

Charge C, refused to defendant, is as follows:

Curtis, Pennington & Pou, of Jasper, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, J. Appellant was convicted of the offense of murder in the second degree, and sentenced to serve a term of ten years' imprisonment in the penitentiary.

The circumstances surrounding the offense with which he was charged, and for which he was convicted, were, as the evidence tends to show, substantially as follows:

There was bad blood between appellant and one Jess Clark, the son-in-law of the deceased, Ike Snider, due, it appears, to the fact that Clark claimed to have discovered his wife, in the dead hours of the night, some several weeks prior to the killing of Snider, in company with appellant some distance from Clark's home, in the bushes. And this at a time when Clark's said wife was supposed to be in bed beside her husband.

Upon the occasion of the fatal difficulty, appellant, in company with one Skinner, came along the public road in front of the house occupied by Clark, Snider, and others. Appellant and Skinner were each riding a mule. Exactly what happened as appellant passed the house occupied by Clark and Snider was in serious dispute by the evidence. Suffice it to say that Clark either got or had his pistol and came out into the public road, and engaged with appellant, who had gotten some distance beyond Clark's house, in a shooting affray. When the shooting was over, it was discovered that Ike Snider, who was seated on the porch fronting the public road of the house occupied by him and Clark and taking no part in the fight between appellant and Clark, was shot through the head. He died.

There was ample evidence supporting the inference that he died as a result of a pistol shot by appellant, while shooting at Clark. The shooting of Snider, the deceased, by appellant, occurring as we have indicated, appellant's guilt or innocence is to be determined solely on the proposition of whether or not he would have been blameless had the shot which killed Snider killed Clark, for whom it was intended. Lewis v. State, ante, p. 108, 113 So. 88.

We find a total lack of evidence supporting the theory suggested, or hinted at, by certain questions to witnesses during the trial, that appellant fired directly and intentionally at Snider, the deceased. Appellant pleaded self-defense; that is, that he was attacked by Clark in such a manner as that he was justified in firing at Clark the shot which killed Snider.

There was much testimony, and we will not undertake to discuss it in detail. That for the state was in direct conflict, in nearly every instance, with that for the appellant. Testimony as to whether or not appellant was drunk at the time of the fatal shooting was admissible as a part of the res gestæ, but whether or not he "fell off a mule," etc., some hours prior to the occasion, and at a place some miles removed from the scene of the difficulty was not relevant to any issue in the case, and its admission was prejudicial error. Carlisle v. State, ante, p. 255, 114 So. 475.

Likewise, we think it error for the court to have admitted testimony as to what was said and done by appellant when and after the witness Addie Loftin had reached him some minutes after the fatal shooting was over. Arnold v. State, 18 Ala. App. 453, 93 So. 85. And the nature of this testimony discloses clearly that it must have been highly prejudicial to appellant's rights.

The case was in the main correctly tried. With the evidence being more closely confined to the issue of self-defense vel non, a retrial ought to occasion much less difficulty. What we have said above will, we believe, sufficiently indicate the views of this court to enable the trial judge to rule without confusion.

We find no fault with the admission in

evidence of the letter, shown to bear appellant's signature, which was delivered to Mrs. Snider. It had a direct bearing upon the question of motive vel non.

■ We do not deem it necessary to pass upon the written charges refused to appellant. While some of them undoubtedly state correct propositions of applicable law, yet in a number of instances at least the matter contained therein was covered by and included in the trial court's oral charge in connection with other written charges given at appellant's request. We will say that written charge C was properly refused by reason of its failing to hypothesize that what appellant may have said or done was not such as in the nature of things would be known to him to be "calculated to bring on the difficulty."

The other refused charges involve no more than elementary principles of law, and since the circumstances may not be the same on another trial, what we might say of them now could perhaps be misleading.

· For the errors pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.