(121 So. 453)

## LONG v. STATE.   (2 Div. 425.)

Court of Appeals of Alabama.   April 2, 1929.

L. R. Wilson and W. F. Herbert, both of Demopolis, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.   The submission of this case, in this court, was accompanied by a motion on the part of the state to strike the bill of exceptions, for that in its preparation there was a flagrant noncompliance with section 6438 of the Code 1923 and with circuit court rule 32.   It is also insisted in this connection that the purported bill of exceptions is not in narrative form, but is merely a stenographic report in the form of questions and answers.

A portion of rule 32, supra, provides: "Any bill of exceptions brought before us which violates any of the regulations stated in the rule, shall subject the party reserving the exceptions to a penalty, not exceeding the whole cost of the appeal, at the discretion of the court;" and, in addition, this court reserves the power to disallow such paper as a bill of exceptions, and as no part of the record.

Upon examination we find that this transcript, as a whole, has been poorly and inefficiently prepared.   No regard to the requirements of law in respect to preparing bill of exceptions and records have been observed.   In addition, the record shows that certain charges requested by defendant were "given" by the court.   Yet no such charges appear in the record, and this deprives the appellant of a consideration by this court of the charges "refused" to defendant.   The so-called refused charges do not bear proper indorsements by the trial judge.   The contents of the transcript is single lined, upon the typewriter; double line should be used for the convenience of the appellate courts.

The granting of the motion to strike the bill of exceptions would result in the burden falling upon the appellant, defendant below, as necessarily an affirmance of the judgment of conviction would follow.   While it is the duty of appellant and his counsel to see that his appeal is properly prepared and presented, we, of course, know that the appellant here cannot be charged personally with the numerous errors and discrepancies complained of, and we overrule the motion to strike the bill of exceptions in order that appellant's cause can be here considered upon its merits.   Appellant appeals from a judgment of conviction for a serious offense, and we are unwilling that he personally shall be called upon to bear the burden of a heavy

sentence upon technicalities based upon action of others.

■ Upon the trial of this case but one witness for the state was examined, and, upon the testimony of this witness, the conviction for manslaughter in the first degree was had, carrying a punishment of six years' imprisonment in the penitentiary. The state witness, one Jeannie Hill, was impeached, that is to say, the undisputed evidence in this case tended to show that said witness was a man of general bad character and could not be believed upon oath in a court of justice. On cross-examination of impeaching witness, Bob Lee, the record shows the following:

"Solicitor: Q. That is your personal opinion of Mr. Hill? Ans. It is the general opinion and my opinion too.

"Q. Mr. Hill can tell the truth, can't he? (The defendant objected to this question, based on the following grounds: That it called for a conclusion of the witness; that the issue is not whether the witness can tell the truth, but whether the witness' reputation in the community is good or bad; objection was overruled, and defendant excepted.) Ans. He could if he wanted to, I guess. (Motion was made to exclude the answer on the same grounds; the motion was overruled, and defendant duly and legally excepted.)" These exceptions are well taken, as the court's rulings were error.

■ Upon redirect examination of the witness, and after he had been permitted to answer as above, the defendant asked him: "He doesn't want to does he?" Objection by state was sustained; defendant excepted. This was not a proper inquiry, but, the court having required the witness, over the objection of defendant, to answer as above, in all fairness to defendant the court should have also overruled the state's objection; the question propounded being in line with the inquiry by state.

■ On his direct examination state witness Jeannie Hill testified that "during the difficulty Jules Randall (also accused of the same offense) walked up the side of the hill and got something and came on back down the hill." This testimony related to the res gestæ. After witness Hill left the stand, the man, Jules Randall, referred to by him, was placed upon the stand, and defendant propounded this question: "Q. Mr. Randall, during the difficulty did you go up on the bank, or side of the road and pick up anything?" The state objected, and objection was sustained. This ruling was error. The question called for evidence which related to the res gestæ, and which tended to contradict the state witness Hill, who, as stated, had just testified to the very facts inquired about. Under the simplest rule of evidence, the objection of state

should have been overruled. There were other rulings of the court upon the testimony of witness Randall wherein his testimony was unduly abridged and restricted upon objection by state.

■ There was evidence tending to show that the deceased man, Hull Hunter, was drunk at the time of the difficulty in which he was killed. It was error for the court to sustain the state's objection to the question propounded by defendant to his witness N. G. Raley, the chief of police of Demopolis: "Was he (deceased) generally considered a dangerous man when he was drunk?" This was a proper inquiry under the evidence in this case.

The errors indicated, and others of similar import, necessitate a reversal of the judgment of conviction appealed from.

Reversed and remanded.