(132 So. 709)

## WEEMS v. STATE.

### 6 Div. 732.

Court of Appeals of Alabama.
June 10, 1930.

Rehearing Denied Aug. 19, 1930.
Affirmed on Mandate March 3, 1931.

Still Hunter and J. B. Powell, both of Jasper, for appellant.

Charlie C. McCall, Atty. Gen., R. T. Goodwyn, Asst. Atty. Gen., C. R. Wiggins and L. D. Gray, both of Jasper, and Rushton, Crenshaw & Rushton, of Montgomery, for the State.

RICE, J.

Appellant was convicted of the offense of murder in the second degree and his punishment fixed at imprisonment in the penitentiary for the term of fifteen years. He was shown to have shot, with a pistol, and killed, one Joe Lockwood.

The circumstances shown were that deceased and one McDowell were riding, at night, in deceased's car; that these two were returning from a trip into a rather remote section of Walker county, which trip was made for the purpose of getting and bringing back to Gorgas, in said county, four and one-half gallons of illicit whisky; that, at the time of the killing of deceased, they had this whisky in the car with them; that deceased was driving the car; that they came up to, meeting, the car of defendant which was temporarily broken down in the road; that de-fendant's car was stopped in the roadway, defendant "working on it" at the time; that there was with defendant, standing around about his car, at the time, one Borden and one Springfield; that neither defendant, nor either of the two men with him, said, or did, anything to provoke a difficulty with deceased, other than the inoffensive thing of irritating him by having defendant's car stopped in the roadway, but not, it appears, in it in such a way but that deceased *could have* "driven by"; that deceased stopped his car, got out, and proceeded at once to assault defendant vigorously, and viciously, either with his fists, or an automobile wrench; that deceased got all the best of the fight, if it could be called a fight, and beat defendant back over the fender of his (defendant's) car, rather severely, bruising his head and eyes, and causing his back to come into contact with the engine of his car (a Ford, with the "hood up," where defendant had been work-ing upon the carbureter) and be "burned," more or less severely; that, either while deceased was "beating him," or just after deceased desisted, and was engaged in some more or less hot words with one of the men in defendant's party, defendant procured, or drew, his pistol and shot and killed deceased; that, while we do not see that it could affect any issue, other than that, possibly, it might have a bearing upon the animus of defendant, defendant and his party were on the road on a lawful mission.

The above summary will perhaps serve to illustrate the few rulings we shall make.

■ The fact that appellant's witness Springfield was friendly with appellant was apparent, and uncontroverted. We do not think it could have shed any light on any issue in the case to allow this witness to be asked, over appellant's objection, on cross-examination, whether or not he and appellant had been "drinking together all that day" (meaning the day preceding the night of the homicide). The only purpose to be served by this question was, in our opinion, to prejudice the jury against appellant about an imma-terial matter, and his objection to same was improperly overruled.

■ And so, of the question to said witness Springfield by the state as to whether he and appellant "didn't take a drink of whiskey in the barber shop (at Good Springs) just before you all left there to go down to the bridge," etc. The question referring to an indefinite time before the killing, and a location some distance removed from the scene of same. Vintson v. State, 22 Ala. App. 338, 115 So. 695.

■ Under the circumstances of this case— that appellant and deceased were not even acquainted, so far as the evidence shows, that there was no evidence of threats, or antici-pated trouble between them, etc.—it seems, and we hold, that objections were erroneously

overruled to all those several questions calling for information as to where appellant procured his pistol, the cartridges, etc., not at the time of the killing, but at a time when such testimony could not have been as to matters of the res gestæ.

■ Objection was erroneously overruled to the question put to appellant on cross-examination: "Q. I want to ask you if those (referring to some scars on appellant's head) wasn't put there by numerous fights you have had down there in that community?" The question assumes that appellant had had "numerous fights," etc., of which there was no evidence.

■ In the absence of any evidence as to how far away from the muzzle of the gun (pistol) an object would have to be before there would be no sign of "powder burns," we do not see that there was any relevancy in the "shirt" worn by deceased, as evidence. Accordingly, we hold that under the situation here shown, it was prejudicial error to allow the introduction of same, over appellant's timely objection, in evidence. Hyche v. State, 22 Ala. App. 176, 113 So. 644, and cases cited in the opinion in same. There was no question as to the location, range, or number, of bullet holes, involved.

No mention of the filing, or ruling upon, appellant's motion for a new trial, is contained in the bill of exceptions. Hence, said ruling is not before us for review.

Since the case must be reversed for the errors above pointed out, we do not deem it worth while to discuss the other questions apparent. They will perhaps not arise upon another trial.

Reversed and remanded.

SAMFORD, J., concurs in conclusion.

Opinion after Remandment by Supreme Court.

PER CURIAM.

■ Whether a careful reading of the entire record, including the bill of exceptions, in this case, convinces us, or does not convince us, that the verdict of the jury was wrong and unjust, in such sense that the same should have been set aside on appellant's motion, is, as we intimated in our original opinion, a matter that we are precluded from considering, for the reason that no exception to the trial court's action, in this regard, is shown by the bill of exceptions. Grace v. Old Dominion Garment Co., 213 Ala. 550, 105 So. 707.

Upon remandment of this case to this court, after the Supreme Court had held as unauthorized our rulings upon original submission, wherein we were of the opinion that the judgment of conviction should be reversed on account of what seemed to us errors, which we specified, committed in the matter of taking testimony, we have carefully examined the other exceptions shown, as well as the given and refused charges, etc.

It would serve no useful purpose to extend our remarks.

■ Let it suffice to say that, in view of the opinion of the Supreme Court, by which we, of course, are bound, there is, in our opinion, prejudicial error in none of the rulings of the trial court giving rise to the other exceptions mentioned.

■ The written, refused, charges, if not otherwise obviously refused without error, were, in substance, in each instance, fully covered by charges given.

The judgment of conviction must be, and is, affirmed.