146 So. 537

## KING v. STATE.
### 8 Div. 649.

Court of Appeals of Alabama.
Feb. 28, 1933.

Joe Starnes, of Guntersville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, Judge.

This is the second appeal in this case. The testimony did not vary, substantially, from that on the first trial. It is sufficiently outlined in the opinion handed down on the appeal from the judgment rendered therein. See King v. State, 24 Ala. App. 267, 134 So. 133.

The bill of exceptions only sets out some of the evidence and some of the tendencies of the evidence, but does not purport to set out all the evidence, or even all the tendencies of the evidence.

It is also shown that there were a number of written charges given to the jury at appellant's request, which do not appear in the record sent up here.

Perhaps we should say that the omissions in the record appear to have been caused by some confusion in the circuit clerk's office.

However, we find ourselves unable to say that any exception reserved on the taking of testimony was to a ruling based upon inherently incurable error. In other words, granting—which we do not—that any ruling shown to be excepted to was erroneous, it is clear that it *might* have been cured, or rendered innocuous, by the testimony which is omitted from the bill of exceptions.

This being true, we could not predicate reversal thereon. Dickey v. State, 15 Ala. App. 135, 72 So. 608.

And so, the appellant's *given* written charges being omitted from the record, we cannot review the action of the court with reference to his *refused* charges. Long v. State, 23 Ala. App. 107, 121 So. 453.

We have searched the record for error, and, finding none, the judgment of conviction is affirmed.

Affirmed.